UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. ODOM,<br><br>Petitioner,<br><br>v.<br><br>SOLANO CO. SUPERIOR COURT,<br><br>Respondent. | No. 2:21-cv-00487 TLN GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition based on a failure to raise a federal cognizable claim.

    In her habeas petition, petitioner seeks to appeal a denial of her resentencing petition pursuant to Cal. Pen. Code § 1170.95 from the Solano County Superior Court. ECF No. 1 at 11. Petitioner was convicted and sentenced in Solano County Superior Court for murder, murder by torture, and found true the special circumstances of kidnapping and torture. ECF No. 1 at 1. In its present form, the petition fails to raise a federal cognizable claim.

    A writ of habeas corpus is available under 28 U.S.C.§ 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085

(9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "Penal Code section 1170.95 creates a procedure for vacating a murder conviction when the person convicted of murder didn't personally kill anyone, act with the intent to kill, or participate in a felony with reckless indifference to human life. (Pen. Code, § 1170.95, subd. (d)(2).) The Legislature's concern was not that murderers are, or had been, sentenced too harshly; rather, it was that those who don't meet the mens rea requirements set forth in Penal Code sections 188 and 189 should not be, or should not have been, convicted of murder, regardless the specifics of the punishment. (See Stats. 2018, ch. 1015, § 1, subd. (e) [discussing "culpability of the individual"].)" People v. Johns, 50 Cal. App. 5th 46, 63–64 (2020).

Petitioner does not set forth any type of federal claim which could be pertinent to the state law resentencing process. Rather, she generally asserts that the Solano Superior Court misinterpreted the state statute (on multiple occasions).[1] Accordingly, petitioner's claim that her murder sentence should be vacated pursuant to Cal. Pen. Code § 1170.95 is not a cognizable federal claim.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. In the instant case, it is plain from the petition and the attachments provided, that petitioner is not entitled to federal habeas relief. Therefore, the petition should be summarily dismissed.

////

---

[1] In addition, the exhaustion of any claim, state or federal is in much doubt.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

In addition, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 5) is denied.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed for failure to state a federal cognizable claim; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: April 29, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE